UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

EILEEN VELLA,

                      Plaintiff,

    v.                                         **DECISION AND ORDER**
                                                        10-CV-614S

DEPUY ORTHOPAEDICS, ET AL.,

                      Defendants.
───────────────────────────────

## I. INTRODUCTION

Plaintiff Eileen Vella commenced this action on March 1, 2010 by filing a Summons and Complaint in the Supreme Court for the State of New York, Erie County, seeking damages for injuries resulting from a hip implant she received on or about May 3, 2000. Plaintiff alleged causes of action for negligence in, inter alia, the design, manufacture, and distribution of the hip implant; breach of express and implied warranties; and strict products liability. Defendants removed the action to this Court based on federal diversity jurisdiction, following which Defendants filed an answer. Presently before this Court are Plaintiff's Motion to Remand and Defendant DePuy Orthopaedics' Motion to Dismiss Plaintiff's Complaint as against it for failure to state a claim upon which relief can be granted. These motions are fully briefed and the Court finds that oral argument is not necessary. For the reasons that follow, Plaintiff's Motion to Remand is denied, and Defendant DePuy Orthopaedics' Motion to Dismiss is moot.

## II. FACTUAL BACKGROUND

As alleged in her Complaint (Docket Nos. 1 Ex A, 14 Ex A), Plaintiff "received a right

hip implant utilizing the AML De[P]uy System which was designed, developed, manufactured, assembled, supplied, distributed, sold and/or marketed by the Defendants," the defective condition of which caused plaintiff to sustain unspecified severe and permanent injuries. (Complaint ¶¶ 5, 7, 12, 14). Following Plaintiff's commencement of this action in New York State Supreme Court, Defendants removed the case to this Court, alleging that federal jurisdiction was proper "because complete diversity of citizenship exists between Plaintiff and all proper Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interests and costs." (Notice of Removal, Docket No. 1 ¶ 8).  The parties do not dispute that Plaintiff is a citizen of New York, or that defendant DePuy Orthopaedics, Inc. is a corporate citizen of Indiana, Defendant DePuy, Inc. is a corporate citizen of Delaware, and Defendant Johnson & Johnson is a corporate citizen of New Jersey. (Complaint ¶¶ 2, 3, 4; Notice of Removal ¶¶ 10-13).

Plaintiff alleges in her Complaint, however, that Defendant DePuy Orthopaedics is a New York company with a business office located at 247 Cayuga Road, Cheektowaga, New York. (Complaint ¶ 1).  On June 25, 2010, a Summons and Complaint in this case was delivered to the offices of Tomczak & Associates located at 303 Cayuga Road, Suite 115, in Cheektowaga. (Tomczak Aff., Docket Nos. 14 Ex C, 23 Attach. 1 ¶ 3). Defendants admit that "the company known as Tomczak & Associates, which has been sued in this action as 'DePuy Orthopaedics,' is a New York limited liability company and has an office on Cayuga Road in Cheektowaga, New York." (Answer, Docket No. 8 ¶ 1).  Tomczak & Associates is an independent sales representative of Defendant DePuy Orthopaedics, Inc. that "from time to time uses the name 'DePuy Orthopaedics' on stationery and in business communications." (Tomczak Aff. ¶ 4).  According to John R. Tomczak, the company's

manager, this company was formed in 2003, (Tomczak Aff. ¶ 6), approximately three years after Plaintiff received the allegedly defective hip implant. (Complaint ¶ 5).

### III.  DISCUSSION

This Court will first consider Plaintiff's Motion to Remand,[1] inasmuch as this motion raises the issue of subject matter jurisdiction, absent which this Court lacks the power to decide Defendant DePuy Orthopaedics' Motion to Dismiss.  Kobza v Target Stores, Inc., 09-CV-865, 2009 WL 5214489, *2 (W.D.N.Y. Dec. 29, 2009); see Rhulen Agency, Inc. v Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir 1990).  Pursuant to 28 USC § 1441 (a), a defendant may remove an action commenced in state court to a federal district court where the district court has original jurisdiction over the matter.  Federal jurisdiction predicated on diversity of citizenship requires that all adverse parties be citizens of different states, and that no properly joined defendant be a citizen of the forum state. 28 U.S.C. §§ 1332 (a)(1); 1441 (b); Herrick Co., Inc. v SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir 2001).  Nonetheless, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v RJR Nabisco, Inc., 138 F.3d 459, 460-461 (2d Cir 1998).

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-

---

[1] In support of her Motion to Remand (Docket No. 13), Plaintiff submitted a supporting attorney affidavit attached to which are Exhibits A-C (Docket No. 14), a Memorandum of Law (Docket No. 15), a reply attorney affirmation attached to which are Exhibits A-G (Docket No. 26), and a reply Memorandum of Law (Docket No. 27).  Defendants submitted a Memorandum of Law with one Attachment in opposition to this motion (Docket No. 23).

diverse defendant in state court.

Id. at 461; *see* Brown v Eli Lilly and Co., 654 F.3d 347, 356 (2d Cir 2011)(adhering to the requirement that there be no possibility that claims against the non-diverse defendant could be asserted in state court); Locicero v Sanofi-Aventis U.S. Inc., No. 08-CV-489S, 2009 WL 2016068, *4 (W.D.N.Y. July 10, 2009)(this Court previously refused to apply a more lenient "no reasonable basis" standard).  If and when the factual assertions contained in a defendant's required short and plain statement of the grounds for removal are challenged, the removing defendant must support those allegations by competent proof. 28 U.S.C. § 1446 (a); United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir 1994); *see* Pampillonia, 138 F.3d at 461 ("[t]he defendant seeking removal bears a heavy burden of proving fraudulent join[d]er, and all factual and legal issues must be resolved in favor of the plaintiff"). Further, a court may look beyond the pleadings when determining whether a defendant has been fraudulently joined, therefore this Court will also consider the affidavits, affirmations, and exhibits submitted in support of and opposition to Plaintiff's Motion to Remand. Pampillonia, 138 F.3d at 461-462 (considering affidavits to determine if plaintiff's complaint alleged a sufficient factual foundation to support a state law claim);  Tucker v Kaleida Health, No. 09-CV-719S, 2011 WL 1260117, *2-3 (W.D.N.Y. March 31, 2011).

  This Court concludes that Defendants have met their heavy burden of establishing that, based on the pleadings,  there is no possibility that Plaintiff can state causes of action for negligence, breach of warranty, or strict products liability against Tomczak & Associates, a New York company doing business as Depuy Orthopaedics, in state court. See  Pampillonia, 138 F.3d at 461-462; United Food & Commercial Workers Union, Local

919, AFL-CIO, 30 F.3d at 301, 305.  In their Notice of Removal, Defendants assert that the allegedly non-diverse defendant, " 'DePuy Orthopaedics,' a New York company, upon information and belief, did not exist at the time of the events giving rise to Plaintiff's action and had no role whatsoever in a transaction which allegedly culminated in Plaintiff receiving an implanted medical device on May 3, 2000." (Notice of Removal ¶ 14). Defendants also submitted in opposition to Plaintiff's Motion to Remand the affidavit of John R. Tomczak, manager of Tomczak & Associates. (Tomczak Aff., Docket No. 23 Attach. 1).  Although Tomczak conceded therein that Tomczak & Associates sometimes does business as DePuy Orthopaedics (Tomczak Aff., ¶ 4), he further averred that:

> Tomczak & Associates was formed in 2003.  It did not exist in May 2000, when events set forth in the Complaint allegedly occurred.  Tomczak & Associates was not involved with any transaction involving any product implanted in Plaintiff Eileen Vella in May 2000, nor did it have any communications with Ms. Vella.

(Tomczak Aff. ¶ 6).

Plaintiff does not assert a factual allegation anywhere in her motion or supporting papers that, contrary to Tomczak's averment, Tomczak & Associates did in fact exist and conduct business as an independent sales representative for any DePuy Orthopaedics entity prior to 2003.   Although Plaintiff argues that she has not conceded that "De[P]uy Orthopaedics was not in existence at the time [Plaintiff's] hip was implanted," (Pl.'s Mem. of Law, Docket No. 27, at 4), she submitted Tomczak's affidavit herself in support of her Motion to Remand, highlighting Tomczak's concession that Tomczak & Associates conducted business under the name DePuy Orthopaedics.  (Att'y Aff. of Theresa M. Walsh, Docket No. 14 ¶ 4, Ex C).  Plaintiff's counsel also affirms that searches of, inter alia, the New York Department of State corporations database and Erie County Clerk's

office database indicate that, as of September 1, 2010, there was no relevant entity named or doing business as "Tomczak & Associates." (Att'y Affirm of Theresa M. Walsh, Docket No. 26 ¶ 7, Exs. A, B). Accordingly, because Plaintiff failed to assert factual allegations disputing the non-existence of Tomczak & Associates prior to 2003, but instead submitted evidence in support of that fact, the related assertions in the Notice of Removal and in Tomczak's affidavit are accepted as true. Wilson v Republic Iron & Steel Co., 257 U.S. 92, 97-98, 42 S.Ct. 35, 66 L.Ed. 144 (1921)("if the plaintiff does not take issue with what is stated in the [removal] petition, he [or she] must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it"); Trumps v Harley of New York Associates, 94-CV-7080, 1995 WL 656983, *3 (S.D.N.Y. Nov. 8, 1995)(unchallenged assertions in removal petition and affidavits presumed true).  In other words, in the absence of a factual allegation to the contrary, there are no "factual [or] legal issues [to] be resolved in favor of the plaintiff" with respect to the pre-2003 existence of Tomczak & Associates. Pampillonia, 138 F.3d at 461.  Plaintiff's complaint therefore fails to allege liability on the part of any New York entity existing at the time of her hip implant. See Pampillonia, 138 F.3d at 461-462 (district court correctly denied motion to remand where complaint failed to allege sufficient factual foundations to support a cause of action against non-diverse defendant); see generally Hymowitz v Eli Lilly & Co., 73 N.Y.2d 487, 504 (1989) ("[i]n a products liability action [under New York law], identification of the exact defendant whose product injured the plaintiff is, of course, generally required").

Plaintiff argues, however, that remand is nonetheless necessary because Defendants "fail[ed] to address whether Tomczak & Associates is a successor entity and/or an entity which assumed responsibility for any prior De[P]uy sales representatives." (Att'y

Aff. of Theresa M. Walsh, ¶ 4).  Initially with respect to this issue, "[i]t is a general rule [under New York law] that a corporation which acquires the assets of another is not liable for the torts of its predecessor." Schumacher v Richards Shear Co., 59 N.Y.2d 239, 244 (1983).  The accepted exceptions to this rule are where "(1) [a successor corporation] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." Schumacher, 59 N.Y.2d at 245.   In further support of her Motion to Remand, Plaintiff submitted a Business Certificate for Partners, filed in Erie County, New York on January 31, 2000, pursuant to which John R. Tomczak entered into a partnership with W.S. Grove Orthopaedic Supplies, L.L.C. under the name of Niagara Frontier Orthopaedic Supplies.  (Att'y Affirm of Theresa M. Walsh, ¶ 8, Exs D, E). It is also affirmed by Plaintiff's counsel that the signage outside of "the present business address of De[P]uy Orthopaedics located at 303 Cayuga Road, Suite 115, Cheektowaga, New York" indicates " 'Tomczak & Associates/Niagara Frontier Orthopaedic Supplies'. " (Att'y Affirm of Theresa M. Walsh, ¶ 6).   This is an insufficient factual foundation, however, to support the conclusions that Niagara Frontier Orthopaedic Supplies was a seller of hip implants utilizing the AML DePuy System prior to May 2000, when Plaintiff received her hip implant (Complaint ¶ 5), and that Tomczak & Associates' relationship to Niagara Frontier Orthopaedic Supplies is such that any liability associated with those sales could be imposed on Tomczak & Associates in accordance with one of the Schumacher exceptions. See Schumacher, 59 N.Y.2d at 245; see also Pampillonia, 138 F.3d at 461.

  Finally, Plaintiff raises no argument that discovery is warranted on this issue.  Even

if such an argument had been raised, Plaintiff's speculative and vague allegations of Tomczak & Associates' successor liability, conspicuously absent from the Complaint, are dependent upon first finding liability on the part of non-party Niagara Frontier Orthopaedic Supplies. See Pampillonia, 138 F.3d at 462 n 5 (rejecting plaintiff's claim that discovery was warranted where the vague and conclusory allegations contained therein did not provide any possibility of success against the non-diverse defendant under state law). These allegations are therefore too attenuated from those raised in Plaintiff's complaint to raise any "possibility, based on the pleadings, that [P]laintiff can state a cause of action against [Tomczak & Associates, doing business as DePuy Orthopaedics] in state court." Pampillonia, 138 F.3d at 462.

## IV.  CONCLUSION

Based on the foregoing, Defendants have clearly shown that there is no possibility that Plaintiff can state a claim for negligence, breach of warranty, or strict product liability against New York Defendant "DePuy Orthopaedics" under New York Law.  Accordingly, this defendant will be terminated from this action, Plaintiff's Motion to Remand is denied (Docket No. 13), and Defendant DePuy Orthopaedics' Motion to Dismiss is deemed moot (Docket No. 7).

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant DePuy Orthopaedics, which was fraudulently joined in this action, be TERMINATED AS A DEFENDANT;

FURTHER, that Plaintiff's Motion to Remand (Docket No. 13) is DENIED;

FURTHER, that Defendant DePuy Orthopaedics Motion to Dismiss the Complaint as against it is deemed MOOT.

SO ORDERED.

Dated: December 30, 2011
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
